UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMCC 2007-CIBC19 MICHIGAN
PROPERTIES, LLC,

                Plaintiff,                                 Case Number 18-10045

v.                                             Honorable David M. Lawson

OSPREY EAST HOLDINGS MI, LLC,
and OSPREY EAST HOLDINGS MI-II, LLC,

                Defendants.

_____/

## ORDER STRIKING MOTION TO APPOINT RECEIVER

On January 4, 2018, the plaintiff filed its complaint in this matter seeking to recover an unpaid debt on a commercial loan, which allegedly is secured by a mortgage against several commercial properties operated by the defendants. The plaintiff also filed a motion for appointment of a receiver to collect and manage rents from those properties. In its motion, the plaintiff asserted that the defendants had consented to entry of the requested order, and it attached as an exhibit to its motion a proposed order which had been counter-signed by counsel for the defendants, evidencing that consent. However, the Court has reviewed the plaintiff's motion and finds that it must be stricken, because it was filed in violation of the applicable rules of court.

*First*, the brief submitted in support of the motion exceeded by ten pages the usual allowance under the applicable court rules. E.D. Mich. LR 7.1(d)(3)(A) ("The text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages. A person seeking to file a longer brief may apply *ex parte* in writing setting forth the reasons."). No good reason for the excess briefing is evident from the motion papers, particularly in light of the plaintiff's representation that the relief sought was not opposed by the defendants. *Second*, the inclusion of

a proposed order as an exhibit to the motion was improper.  It is inappropriate for any party to file a proposed or stipulated order on the docket.  "Proposed orders must be submitted to the judge to whom the case is assigned . . . via the link located under the Utilities section of CM/ECF."  E.D. Mich. Electronic Filing Policies and Procedures R11(a).  If a proposed order is accepted, the Court will then docket it with the Judge's electronic signature.  "Proposed" orders should never be e-filed and docketed by a party.

Moreover, where the relief sought is consented to by all parties, the court rules permit them to proceed by the simpler expedient of docketing a stipulation for entry of an order, executed by the parties, and submitting to the Court in chambers, through the CM/ECF "Utilities" function, a proposed stipulated order for review by the Court.  *See* E.D. Mich. LR 7.1(a)(1) ("If the movant obtains concurrence [in the relief sought], the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.").

Accordingly, it is **ORDERED** that the plaintiff's motion to appoint a receiver [2] is **STRICKEN**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   January 9, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 9, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI