UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JPMCC 2007-CIBC 19 MICHIGAN
PROPERTIES, LLC,**

                Plaintiff,

v.

**OSPREY EAST HOLDINGS MI, LLC,**
and **OSPREY EAST HOLDINGS MI-II, LLC,**

                Defendants.

Case Number 18-10045
Honorable David M. Lawson

---

**RECEIVER'S INTERIM STATUS REPORT FOR THE PERIOD OF
<u>NOVEMBER 1, 2018 THROUGH JANUARY 31, 2019</u>**

<u>**Introduction**</u>

On January 4, 2018, this Court entered its Order Appointing Receiver [Docket No. 13]

(the "<u>**Receivership Order**</u>") appointing Charles Delaney of Friedman Management Company as

Receiver over the Mortgaged Property[1] that includes the real and personal property located at:

        a.      5936 Ford Court, Brighton, MI 48116;

        b.      18780 Kelly Court, Clinton Township, MI 48035;

        c.      18810 Kelly Court, Clinton Township, MI 48035;

        d.      25250 Easy Street, Warren, MI 48089;

        e.      33500 Kelly Road, Clinton Township, MI 48035;

        f.      34575 Commerce, Fraser, MI 48026;

---

[1] Defined terms not defined in this document shall have the same meaning ascribed to them in
the Receivership Order.

g. 44360 Reynolds Drive, Clinton Township, MI 48036;

h. 44372 Reynolds Drive, Clinton Township, MI 48036;

i. 44562 Morley Drive, Clinton Township, MI 48036 (sold by the Receiver on June 4, 2018 pursuant to the Order Allowing Receiver to Sell Certain Property Pursuant to Negotiated Settlement Agreement entered by the Court on May 23, 2018 [Docket No. 38] (the "**Freer Order**"));

j. 44621 Morley Drive, Clinton Township, MI 48036;

k. 44675 Morley Drive, Clinton Township, MI, 48036 (sold by the Receiver on June 4, 2018 pursuant to the Freer Order);

l. 44830-44870 Vic Wertz Drive, Clinton Township, MI 48036;

m. 44950-44990 Vic Wertz Drive, Clinton Township, MI 48036;

n. 44890-44930 Vic Wertz Drive, Clinton Township, MI 48036;

o. 14116 East 10 Mile Road, Warren, MI 48089;

p. 14124 East 10 Mile Road, Warren, MI 48089;

q. 14132 East 10 Mile Road, Warren, MI 48089; and

r. 14140 East 10 Mile Road, Warren, MI 48089

(each a "**Property**" and collectively, the "**Receivership Estate**").

### Summary of the Receiver's Operations

1. The receivership began upon the Receiver posting a Receiver's Bond – State & Federal Equity Courts (not Bankruptcy) on January 25, 2018 ("**Bond**") in the amount of $10,000 [Docket No. 18]. The Bond was issued by the Hartford Fire Insurance Company.

2. Since his appointment, the Receiver took control of the Receivership Estate, secured and inspected each Property and transitioned the payment of rents from the Borrower to the Receiver.

3. The Receivership Estate has general liability and property insurance policies in place and the Receiver obtained updated certificates of insurance with the appropriate additional insured language included. The expiration date of the insurance policies is December 20, 2019. The 2017 and 2018 property taxes have been paid in full and the 1st half of the 2019 property taxes are not due until September 2019.

4. The Receiver filed his Interim Status Report on February 20, 2018 [Docket No. 20] and filed an amended Interim Status Report on March 12, 2018 [Docket No. 32] (the "**Initial Status Report**").

5. The Receiver filed his Second Interim Status Report on May 22, 2018 [Docket No. 35] (the "**Second Status Report**").

6. Pursuant to the Receiver Order, the Receiver is authorized to solicit persons and entities ("**Retained Personnel**") to assist him in carrying out the duties and responsibilities of the Receiver Order. On June 8, 2018, the Receiver filed a Motion to Employ Retained Personnel for the Receiver of Megan Odell as Counsel for Receiver, Friedman Management Company, Friedman Construction & Design Company/Premier Construction & Design Company and Friedman Facilities Services Company *Nunc Pro Tunc* to January 19, 2018 [Docket No. 41] (the "**Retained Counsel Motion**").

7. The Retained Counsel Motion sought Court approval to hire Friedman Management Company ("**FMC**") as its property manager, Friedman Brokerage Company ("**FBC**") as its real estate broker, Friedman Construction & Design ("**FCDC**") as its construction

company, and Friedman Facilities Services Company ("**FFSC**") as its maintenance services company (FMC, FBC, FCDC and FFSC are collectively referred to as the "**Friedman Entities**"). The Retained Counsel Motion also sought Court approval to use the services of Friedman Management Company's in-house counsel, Megan Odell, for non-management related receivership functions at the Receiver's billing rate of $175 per hour.

8.     The Retained Counsel Motion was approved by the Court on June 18, 2018 in the Order Granting in Part Motion to Allow Receiver to Retain Counsel and to Employ Other Retained Personnel [Docket No. 42] (the "**Employment Order**").

9.     The Employment Order authorized the Receiver's employment of the Friedman Entities.

10.     The Receiver successfully negotiated with the parties to this case and entered into a settlement agreement relating to a sale of the properties commonly known as 44675 Morley Drive, Clinton Township, Michigan 48036 ("**44675 Morley Drive**") and 44562 Morley Drive, Clinton Township, Michigan 48036 ("**44562 Morley Drive**") to the current tenant, Freer Tool & Die, Inc. ("**Freer**"), at 44675 Morley Drive and 44562 Morley Drive pursuant to purchase options contained in Freer's leases for 44675 Morley Drive and 44562 Morley Drive ("**Freer Purchase Options**") and the Freer Order.

11.     The Freer Purchase Options successfully closed on June 4, 2018.

12.     On August 10, 2018, the Receiver filed a Motion for Approval of Sean Bentley's Scope of Work as Receiver's Property Manager and Portfolio Manager [Docket No. 47] ("**On-Site Manager Approval Motion**").

13.     The On-Site Manager Approval Motion was approved by the Court on August 16, 2018 in the Order Granting Motion to Authorize Receiver to Retain On-Site Property Manager [Docket No. 49].

14.     On August 10, 2018, the Receiver filed the First Interim Fee Application of Charles Delaney, Receiver, and FMC, FCDC, and FFSC as Retained Personnel to the Receiver [Docket No. 48] ("**First Fee Application**").

15.     The First Fee Application was approved by the Court on August 16, 2018 in the Order Approving First Interim Fee Application of Charles Delaney, Receiver, and Friedman Management Company, Friedman Construction & Design Company, and Friedman Facilities Services Company as Retained Service Providers [Docket No. 50] (the "**First Fee App Order**").

16.     The First Fee Application covered fees incurred for the period January 19, 2018 through May 31, 2018 for the Receiver and Friedman Entities. The First Fee App Order approved payment to the Receiver and Friedman Entities for fees, costs and expenses in the amount of $92,814.04.

17.     The Receiver filed his Third Interim Status Report on August 20, 2018 [Docket No. 51] (the "**Third Status Report**").

18.     The Receiver filed his Fourth Interim Status Report on November 20, 2018 [Docket No. 52] (the "**Fourth Status Report**"). The Initial Status Report, Second Status Report, Third Status Report, and Fourth Status Report contain detailed information on the Receiver's actions since his appointment.

19.     The Receiver filed his Amended Second Interim Fee Application of Charles Delaney, Receiver, and Friedman Management Company and Friedman Real Estate Brokerage Inc. as Retained Personnel to the Receiver to Allow Fees and Expenses on December 12, 2018

[Docket No. 53] (the "**Second Interim Fee Application**"). The Second Interim Fee Application contained detailed information on the Receiver's and Retained Personnel's fees, costs, and expenses from June 1, 2018 through June 30, 2018 in the amount of $13,805.11.

20.     The Receiver filed the Third Interim Fee Application of Charles Delaney, Receiver, and Friedman Management Company and Friedman Real Estate Brokerage Inc. and Friedman Construction & Design Company as Retained Personnel to the Receiver to Allow Fees and Expenses on December 12, 2018 [Docket No. 54] (the "**Third Interim Fee Application**"). The Third Interim Fee Application contained detailed information on the Receiver's and Retained Personnel's fees, costs, and expenses from July 1, 2018 through July 31, 2018 in the amount of $22,562.11.

21.     The Receiver filed the Fourth Interim Fee Application of Charles Delaney, Receiver, and Friedman Management Company and Friedman Real Estate Brokerage Inc. and Friedman Construction & Design Company as Retained Personnel to the Receiver to Allow Fees and Expenses on December 12, 2018 [Docket No. 55] (the "**Fourth Interim Fee Application**"). The Fourth Interim Fee Application contained detailed information on the Receiver's and Retained Personnel's fees, costs, and expenses from August 1, 2018 through August 31, 2018 in the amount of $32,357.28.

22.     The Second, Third, and Fourth Fee Applications were approved by the Court on December 19, 2018 upon entry of the Order Granting Receiver's Interim Fee Applications [Docket No. 56] (the "**Second, Third, Fourth Fee App Order**").

23.     The Fifth Interim Fee Application in the amount of $33,681.51, Sixth Interim Fee Application in the amount of $18,324.40, Seventh Interim Fee Application in the amount of $30,115.47 and Eighth Interim Fee Application in the amount of $33,569.77 for Charles Delaney,

Receiver, and the Retained Personnel are pending approval from the Plaintiff and Defendants. Upon receipt of approval the Receiver will file the Fifth, Sixth, Seventh and Righth Interim Fee Applications with the Court. These fee applications will contain detailed information on the Receiver's and Retained Personnel's fees, costs, and expenses from September 1, 2018 through December 31, 2018 in the total amount of $115,691.15.

24.     The Receiver and Retained Personnel are drafting their ninth and final interim fee application, which will be filed on or before April 16, 2019. The ninth and final fee application will contain detailed information on the Receiver's and Retained Personnel's fees, costs, and expenses from January 1, 2019 through February 15, 2019.

25.     On February 15, 2019, the Plaintiff and Defendants completed a Deed in Lieu of Foreclosure and the Receiver was terminated pursuant to the Order Terminating Receivership [Docket No. 58].

26.     A balance sheet through January 31, 2019 is included in the Monthly Operating Report – January 2019, attached as **Exhibit A** ("**Operating Report**").

### Condition of the Receivership Estate

27.     The Receivership Estate consists of 17 buildings that consist of approximately 358,381 square feet. There are currently 41 rentable units. As of January 31, 2019, the Property is 83.91% occupied.

28.     Upon takeover, each Property was in fair condition. The Receiver inspected each Property and determined the necessary repairs required at each Property, which included parking lot stripes and landscaping. A building specific list of the Receiver's inspection findings can be found in the Property Update section of the Executive Summary in the Operating Report, attached as **Exhibit A.**

29.     The Receiver is acquiring bids for asphalt repairs and roof repairs for completion in 2019.

## Tenant Issues

30.     Upon takeover, the Receiver delivered transition notices to all tenants of the Receivership Estate.

31.     The following tenants had expired leases upon takeover or their leases expired shortly after takeover ("**Expired Tenants**"):

      a.     Stanley Steemer at 14132 E. 10 Mile;

      b.     Hubert Contracting at 44960 Vic Wertz;

      c.     American Closet Works at 44970 Vic Wertz;

      d.     Senstronic at 44990 Vic Wertz;

      e.     Developmental Essential Services at 44870 & 44910 Vic Wertz;

      f.     Venator Contracting Group at 44930 Vic Wertz;

      g.     Mach, Inc. at 44840 Vic Wertz;

      h.     Peaks Construction at 44850 Vic Wertz;

      i.     Paramount Milling Technologies at 44860 Vic Wertz;

      j.     MTM Machine at 34575 Commerce Road; and

      k.     United States Department of Agriculture at 5936 Ford Court, Suites 202, 300, 400 and 402.

32.     The Receiver spoke with the Expired Tenants and discussed their intentions and renewal options. Of the Expired Tenants, the Receiver negotiated new leases with the following tenants:

      a.     Senstronic;

      b.     American Closet Works

      c.     Venator Contracting Group

      d.     Peaks Construction

      e.     Paramount Milling Technologies

      f.     Developmental Essential Services; and

      g.     Mach, Inc.

33.     Hubert Contracting and MTM Machine vacated their respective premises.

34.     The Receiver is working with the United States Department of Agriculture to renew its lease and is awaiting a request for proposal from the United States Department of Agriculture pursuant to the government's requirements.

35.     The Receiver attempted renewal negotiations with Stanley Steemer, but the negotiations proved unsuccessful. Therefore, since September 15, 2018, the Receiver charged Stanley Steemer holdover rent pursuant to its lease terms, which is being paid by Stanley Steemer on a monthly basis.

36.     In addition to the renewals of Expired Tenants, the Receiver successfully completed renewals for Springfix Linkages, Detroit LaCrosse Company, Excel Industrial Electronics, Hockeytown Sports Academy, John Gadzinski, Macomb Batting Cages, and Carpet Gallery and Floors, who all had leases expire after entry of the Receivership Order.

37.     Upon takeover, the following tenants were delinquent on their rent:

      a.     Freer at 44562 Morley Drive with a balance owing of $78,910.37;

      b.     Freer at 44675 Morley Drive with a balance owing of $70,262.23;

      c.     Carpet Gallery and Floors at 14116 E 10 Mile Road with a balance owing of $9,700;

d.    Stanley Steamer at 14132 E 10 Mile Road. with a balance owing of $797.04;

e.    Hockeytown Sports Academy at 18780 Kelly Court with a balance owing of $20,346.96;

f.    Macomb Batting Cages at 18810 Kelly Court with a balance owing of $4,307.33;

g.    Wally Kosorski & Co. at 33500 Kelly Road with a balance owing of $5,937.50;

h.    MTM Machine at 34575 Commerce Road with a balance owing of $16,050.00;

i.    American Closet Works at 44950 – 44990 Vic Wertz Drive with a balance owing of $19,397.00;

j.    Springfix Linkages, LLC at Lake Industrial Building A, 44980 Vic Wertz Drive with a balance owing of $1,624.99;

k.    Developmental Essential Services at Suite 44870 & 44910, Vic Wertz Drive with a balance owing of $5,362.62;

l.    Kaleidoscope Entertainment at Lake Industrial Building B, 44890 Vic Wertz Drive with a balance owing of $1,650.00;

m.    Mach Inc. at Lake Industrial Building B, 44840 Vic Wertz Drive with a balance owing of $2,890.18; and

n.    Sensotronic at Lake Industrial Building A, 44980 Vic Wertz Drive with a balance owing of $1,321.71.

38.     The Receiver began the process of speaking with all delinquent tenants to investigate and resolve the outstanding balances. The Receiver's efforts were successful, and the Receiver resolved the delinquent rent issue with the following tenants:

a.     Freer (included in the Settlement Agreement between Receiver, Plaintiff, Defendant and Freer that resulted in the Freer Order);

b.     Stanley Steemer International, Inc.;

c.     Carpet Gallery and Floors;

d.     Springfix Linkages, Inc.;

e.     Wally Kosorski & Co., Inc.;

f.     Developmental Essential Services, Inc.

g.     Kaleidoscope KOI Entertainment, LLC;

h.     Senstronic, Inc.;

i.     Mach, Inc.;

j.     American Closet Works, Inc.;

k.     Hockeytown Sports Academy, LLC.; and

l.     Macomb Batting Cages, Inc.

39.     Additional information regarding these delinquent rents can be found in the Delinquencies & Litigation section of the Executive Summary in the Operating Report, attached as **Exhibit A**.

### Financial Summary of the Receivership Estate

40.     The Receiver established an operating account for this receivership by setting up a separate bank account at Flagstar Bank. All payments received are deposited into the operating

account and all operating expenses are paid out of this account. The operating account is reconciled monthly.

41.    Cash on Hand: Cash on hand as of January 31, 2019 was $1,082,245.60.

42.    All funds held by the Receiver are subject to the lien of Plaintiff.

43.    Rental income was received for the Receivership Estate in the amount of $440,405.97 for this reporting period.

44.    The Defendant sent the Receiver funds on January 30, 2018 in the amount of $123,008.91, which represented February 2018 rent paid by USDA in the amount of $11,900.66, a vendor refund collected by the Defendant in the amount of $634.83, and $110,473.42 allocated to security deposits collected pre-receivership.

45.    Schedule of Receipts and Disbursements: A detailed list of the receipts (Cash Receipts Ledger) and disbursements (Check Register) are included in the Operating Report, attached as **Exhibit A**.

46.    Unencumbered Funds: There are no unencumbered funds in the Receivership Estate.

47.    The Receiver and Retained Personnel will file fee applications with the Court for fees related to the management and operation of the Property incurred by the Receiver and Retained Personnel from September 1, 2018 through February 15, 2019 upon receiving consent of all counsel of record.

48.    Upon Court approval of any subsequent Receiver's fee applications all approved fees, costs and expenses will be paid out of the Receiver's operating bank account.

49.    The current Receiver's management fee is the greater of 4.00% of the gross monthly total revenues for the Property or twenty-five cents ($0.25) per square foot plus the costs

of an on-site property manager. Additionally, the Receiver receives $175 per hour for his services that are not within the scope of property management.

50.     The Receiver will also receive a fee equal to ten percent (10%) of the annual insurance premium should the Receiver be involved in procurement and obtaining insurance for the Property. Additionally, when the Receiver is not paid a leasing commission for a new lease, in-house services for lease negotiation will be provided at a rate of one dollar ($1.00) per rentable square foot and lease drafting services, in lieu of outside counsel, will be provided at a rate of one dollar ($1.00) per rentable square foot. The Receiver won't receive additional compensation for: (a) travel expenses; (b) senior management presence on-site; (c) coordination of receivership services; or (d) the Receiver's general office administration, accounting and overhead.

### Description of Known Receivership Property

51.     Real Property, Leasehold Interests and Other Assets: See Balance Sheet in **Exhibit A** and the introductory paragraph, which contains a detailed list of the real property in the Receivership Estate.

52.     Accounts Receivable: See List of Accounts Receivable in **Exhibit A.**

### Liquidated and Unliquidated Claims

53.     At this time, there are no liquidated or unliquidated claims held by the Defendant as it relates to the Receivership Property known to the Receiver.

### All Known Creditors

54.     There aren't any known creditors at this time.

### Creditor Claims Proceedings

55.     At this time, there hasn't been a procedure put in place for creditor's claims and the Receiver doesn't believe a procedure for creditor's claims will be required in this matter.

## <u>Recommendations</u>

56.     The Receiver doesn't have any recommendations for the pendency of the receivership.

Respectfully submitted,

By:  /s/ Megan Odell
        Megan Odell, Esq. (P65083)
        Managing Director – Legal Services
        Friedman Management Company
        34975 West Twelve Mile Road
        Farmington Hills, Michigan 48331
        Phone: (248) 848-4099
        megan.odell@freg.com
        *Counsel for the Receiver*

Dated: February 19, 2019